IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SELENA JOHNSON, | ) |
| | ) |
| Plaintiff, | ) Civil Action No. 2:24-cv-1708 |
| | ) |
| v. | ) Magistrate Judge Maureen P. Kelly |
| | ) |
| COMMISSIONER OF SOCIAL SECURITY, | ) Re: ECF No. 14 |
| | ) |
| Defendant. | ) |

**O R D E R**

Pending before the Court are Plaintiff's Motion for Summary Judgment and Memorandum in Support thereof, ECF Nos. 14 and 15, and Defendant's Brief in Opposition, ECF No. 19. Plaintiff has also filed a Reply Brief. ECF No. 20.[1]

Upon consideration of the parties' filings, and after reviewing the final decision of the Commissioner of Social Security ("Commissioner") denying Plaintiff's claim for disability insurance benefits ("DIB") under Subchapter II of the Social Security Act, 42 U.S.C. § 401 et seq., and her claim for supplemental security income ("SSI") under Subchapter XVI of the Act, 42 U.S.C. § 1381 et seq., the Court finds that the Commissioner's findings are supported by substantial evidence and, accordingly, affirms. See 42 U.S.C. § 405(g); Biestek v. Berryhill, 587 U.S. 97, 102-03 (2019); Jesurum v. Sec'y of U.S. Dep't of Health & Human Servs, 48 F.3d 114, 117 (3d Cir. 1995) (citing Brown v. Bowen, 845 F.2d 1211, 1213 (3d Cir. 1988)). See also Berry v. Sullivan, 738 F. Supp. 942, 944 (W.D. Pa. 1990) (if supported by substantial evidence,

---

[1] Pursuant to 28 U.S.C. § 636(c), the parties have consented to the jurisdiction of a United States Magistrate Judge to conduct all proceedings in this case, including trial and entry of final judgment, with direct review by the United States Court of Appeals for the Third Circuit if an appeal is filed. ECF Nos. 4 and 11.

1

the Commissioner's decision must be affirmed, as a federal court may neither reweigh the evidence, nor reverse, merely because it would have decided the claim differently) (citing Cotter v. Harris, 642 F.2d 700, 705 (3d Cir. 1981)).

## I.   BACKGROUND

Plaintiff Selena Johnson ("Plaintiff") protectively filed claims for DIB and SSI effective March 24, 2022, claiming that she became disabled on March 23, 2022.  AR at 17, 197-211.[2] After being denied initially on September 16, 2002, and upon reconsideration on April 10, 2023, Plaintiff sought, and obtained, a hearing before an Administrative Law Judge ("ALJ") on January 9, 2024.  AR at 17, 65-80, 86-95, 125, 32-46.  In a decision dated March 29, 2024, the ALJ denied Plaintiff's request for benefits, finding that she was able to perform her past relevant work as a folding machine feeder.  AR at 17-25.  On November 1, 2024, the Appeals Council declined to review the decision.  AR at 1-3.  Plaintiff filed an appeal with this Court and has filed a Motion for Summary Judgment.

On appeal, Plaintiff argues that the ALJ failed to support his findings that Plaintiff had engaged in substantial gainful activity during the relevant period, that the ALJ's assessment of her subjective complaints was not supported by substantial evidence, and that his consideration of the medical opinion evidence failed to comply with 20 C.F.R. §§ 404.1520c(b)(2) and 416.920c(b)(2).  As discussed herein, the Court disagrees and finds that substantial evidence supports the ALJ's decision that Plaintiff is not disabled.

## II.   STANDARD OF REVIEW

Judicial review of a social security case is based upon the pleadings and the transcript of the record, and the scope of that review is limited to determining whether the Commissioner

---

[2]   The Court will refer to the Administrative Record as "AR."

applied the correct legal standards and whether the record, as a whole, contains substantial evidence to support the Commissioner's findings of fact. See 42 U.S.C. § 405(g); Schaudeck v. Comm'r of Soc. Sec. Admin., 181 F.3d 429, 431 (3d Cir. 1999) (stating that the court has plenary review of all legal issues and reviews the ALJ's findings of fact to determine whether they are supported by substantial evidence); Matthews v. Apfel, 239 F.3d 589, 592 (3d Cir. 2001). If the district court finds this to be so, it must uphold the Commissioner's final decision. See Rutherford v. Barnhart, 399 F.3d 546, 552 (3d Cir. 2005).

The Social Security Administration ("SSA") has promulgated regulations incorporating a five-step sequential evaluation process to guide ALJs in determining whether a claimant is under a disability as defined by the Social Security Act. See 20 C.F.R. §§ 404.1520, 416.920. At Step One, the ALJ must determine whether the claimant is currently engaging in substantial gainful activity ("SGA"). If he or she is not engaging in such activity, at Step Two, the ALJ determines whether the claimant is suffering from a severe impairment. If so, the ALJ proceeds to Step Three to determine whether the claimant's impairment meets or equals the criteria for a listed impairment. If a claimant satisfies a listing, a finding of disability is automatically directed. If the claimant does not satisfy a listing, the analysis proceeds to Steps Four and Five.

In considering these steps, the ALJ must formulate the claimant's residual functional capacity ("RFC"), which is defined as the most that an individual is still able to do despite the limitations caused by his or her impairments. See Fargnoli v. Massanari, 247 F.3d 34, 40 (3d Cir. 2001); 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). At Step Four, it is the claimant's burden of demonstrating an inability to perform his or her past relevant work. If the ALJ determines that the claimant lacks the RFC to resume his or her former occupation, the evaluation then moves to Step Five. At this stage, the burden of production shifts to the

Commissioner, who must demonstrate that the claimant is capable of performing other available work in the national economy in order to deny a claim of disability.

## III. DISCUSSION

Here, the ALJ determined that Plaintiff was not disabled after applying the five-step process. First, he found that Plaintiff had engaged in SGA during the relevant period but continued the sequential process anyway. AR at 19-20. After finding that Plaintiff suffered from several severe impairments, none of which met or equaled a listing, the ALJ proceeded to formulate Plaintiff's RFC. Based on that RFC, he found that Plaintiff was not disabled because she was capable of performing her past relevant work as a folding machine feeder. AR at 24-25. As noted above, Plaintiff raises several challenges to these findings.

### A.     Plaintiff's SGA

Plaintiff first argues that the ALJ's determination that she had engaged in SGA after her alleged onset date is not supported by substantial evidence. She asserts that this finding rested on the ALJ's erroneous understanding of Plaintiff's testimony regarding her need to take a break from work because of a series of hospital visits. ECF No. 15 at 7. However, this argument ignores the fact that the ALJ's analysis continued past Step One of the sequential analysis.

Although the ALJ did indeed find that Plaintiff engaged in SGA after March 23, 2022, he did not deny Plaintiff's claim for benefits on this basis. AR at 19-20. Rather, he proceeded in the sequential analysis and determined that Plaintiff was capable of performing her past relevant work as a folding machine feeder. Id. This case, therefore, was not decided at Step One but at Step Four. See Bailey v. Comm'r of Soc. Sec., 354 F. App'x 613, 616 n.2 (3d Cir. 2009) (explaining that the ALJ's consideration of the claimant's work activity during the relevant time period was not an SGA determination at Step One of the analysis because he ultimately

concluded at Step Five that the claimant retained sufficient RFC to perform other work in the national economy).

Therefore, since Plaintiff's claim was not denied at Step One, it is not relevant whether the ALJ's finding that she had engaged in SGA was supported by substantial evidence. See Salles v. Comm'r of Soc. Sec., 229 F. App'x 140, 145 n.2 (3d Cir. 2007).[3] The issue is whether his ultimate Step Four determination was sufficiently supported.

### B.     Plaintiff's Subjective Testimony

Plaintiff next asserts that the ALJ failed to support his assessment of Plaintiff's subjective testimony with substantial evidence. Specifically, she argues that the ALJ improperly rejected her account of her symptoms solely because the objective medical evidence did not substantiate her claims. ECF No. 15 at 8. However, as explained below, that is not what happened in this case.

Under the SSA's regulations, an ALJ is not under an obligation to simply accept what the claimant said without question; rather an ALJ must consider a claimant's testimony about his or her symptoms utilizing a two-step process. See 20 C.F.R. §§ 404.1529, 416.929; Chandler v. Comm'r of Soc. Sec., 667 F.3d 356, 363 (3d Cir. 2011). At the first step, the ALJ must determine whether the claimant has a medically determinable impairment that could reasonably be expected to produce his or her alleged symptoms. Next, the ALJ evaluates the intensity and persistence of the claimant's symptoms such as pain and determines the extent to which the claimant's symptoms limit his or her ability to perform work-related activities. See Social Security Ruling ("S.S.R.") 16-3p, 2016 WL 1119029 (S.S.A. Mar. 16, 2016); 20 C.F.R. §§ 404.1529(c)(2), (3),

---

[3]     Plaintiff further argues that the ALJ's error at Step One had a domino effect in regard to his further analysis since it also tainted his consideration of Plaintiff's subjective testimony. The Court will address that issue below.

416.929(c)(2), (3).  Here, the ALJ determined, at the first part of the analysis, that Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms.  AR at 21.  He further found, however, that the alleged intensity, persistence, and limiting effects of those symptoms were not entirely consistent with the record evidence.  Id. at 21-22.

An ALJ's consideration of a claimant's testimony is still often referred to as a "credibility" determination, although that term has been eliminated from the Commissioner's policy concerning "subjective symptom evaluation."  Schneider v. Berryhill, No. CV 17-1299, 2019 WL 698471, at *2 (W.D. Pa. Feb. 20, 2019) (citing S.S.R. 16-3p) (explaining S.S.R. 16-3p "clarif[ied] that the subjective symptom evaluation is not an examination of an individual's character").  The manner of the evaluation, though, remains unchanged in most ways, and many concepts that applied when the evaluation was considered to be one of credibility continue to apply now.  This includes the significant deference given to an ALJ's evaluation of a claimant's subjective testimony.  See Paula R. v. Comm'r of Soc. Sec., No. CV 20-18808, 2022 WL 950242, at *5 (D. N.J. Mar. 30, 2022) ("Credibility determinations are 'virtually unreviewable on appeal.'" (quoting Hoyman v. Colvin, 606 F. App'x 678, 681 (3d Cir. 2015))).

Plaintiff suggests that such deference is not warranted here because the ALJ relied *solely* on objective medical evidence in evaluating her testimony regarding her symptoms.  She asserts that this is inconsistent with Sections 404.1529(c)(2) and 416.929(c)(2) ("However, we will not reject your statements about the intensity and persistence of your pain or other symptoms or about the effect your symptoms have on your ability to work *solely* because the available objective medical evidence does not substantiate your statements.") (emphasis added).  The problem with this

argument is that the ALJ did not solely rely on the objective medical evidence in assessing Plaintiff's subjective testimony.

It is axiomatic that, although "[s]ymptoms cannot always be measured objectively through clinical or laboratory diagnostic techniques," ALJs can, and in fact must, consider such objective medical evidence when evaluating subjective testimony regarding the intensity, persistence, and limiting effects of symptoms. S.S.R. 16-3p at *5; 20 C.F.R. §§ 404.1529(c)(2), 416.929(c)(2). Plaintiff does not seem to contest that the ALJ thoroughly discussed how he considered such evidence, including references to clinical findings, examination results, and medical imaging data. AR at 22-23. If that was all the ALJ discussed in explaining his consideration of Plaintiff's subjective testimony, there might be some force to Plaintiff's argument. However, as discussed, the ALJ did not stop there.

As Plaintiff suggests, the regulations permit an ALJ to consider additional factors in evaluating subjective testimony such as:

1) The claimant's daily activities;

2) The location, duration, frequency, and intensity of pain or other symptoms;

3) Factors that precipitate and aggravate the claimant's symptoms;

4) The type, dosage, effectiveness, and side effects of any medication an individual takes or has taken to alleviate pain or other symptoms;

5) Treatment, other than medication, an individual receives or has received for relief of pain or other symptoms;

6) Any measures other than treatment an individual uses or has used to relieve pain or other symptoms; and

> 7) Any other factors concerning an individual's functional limitations and restrictions due to pain or other symptoms.

20 C.F.R. §§ 404.1529(c)(3), 416.929(c)(3); S.S.R. 16-3p at **7-8.  The ALJ did consider such additional factors, including the frequency and intensity of Plaintiff's symptoms and Plaintiff's treatment history, including its effectiveness and the frequency of Plaintiff's use of medications.  AR at 22-23.

Moreover, probably the most important factor considered by the ALJ in his evaluation was one of Plaintiff's activities of daily living – specifically, the fact that Plaintiff continued to engage in full time employment well after her alleged onset date.  AR at 22.  Plaintiff quibbles as to whether what she did meets the technical definition of SGA, but this is a distinction without a difference.[4]  A claimant's ability to continue to maintain employment, even if that employment does not constitute SGA, is a factor for ALJs to consider in evaluating a claimant's subjective testimony.  See, e.g., Russo v. Astrue, 421 F. App'x 184, 189 (3d Cir. 2011); Miller v. Comm'r of Soc. Sec., 524 F. App'x 191, 194 (6th Cir. 2013).  Indeed, the regulations expressly provide: "The work, without regard to legality, that you have done during any period in which you believe you are disabled may show that you are able to work at the substantial gainful activity level."  20 C.F.R. §§ 404.1571, 416.971.

---

[4] As noted above, Plaintiff alleges that the ALJ's misunderstanding of her work during the relevant period distorted this analysis.  However, Plaintiff does not dispute that she, in fact, engaged in significant full time work during 2022 and 2023.  AR 222-23.  Her contention is that the ALJ improperly discredited her statement that she reduced her hours between March and September of 2022 because of multiple hospitalizations.  AR 37.  However, the Court again emphasizes that the ALJ did not have to make a specific or accurate finding as to whether Plaintiff's work after March 2022 qualified as SGA to consider it more generally in evaluating Plaintiff's subjective testimony.  In any event, the record does not support any contention that Plaintiff stopped working after the alleged onset date because of being hospitalized as she alleged, because her hospitalizations were either from well before that period or occurred in a period during which she continued to work full time.  AR 324, 328, 467.

Accordingly, the ALJ applied the proper legal standards in evaluating Plaintiff's subjective testimony, and substantial evidence supports his findings. This argument, therefore, fails.

### C. Medical Opinion Evidence

Finally, Plaintiff claims that the ALJ's consideration of the medical opinion evidence failed to comply with 20 C.F.R. §§ 404.1520c(b)(2) and 416.920c(b)(2). Specifically, she alleges that the ALJ did not discuss the supportability of the opinions contained in the prior administrative medical findings of Dr. Floyretta J. Pickard, M.D., AR at 61-63, and David Paul Hutz, M.D., AR at 69-70. She further contends that the ALJ's assessment of the opinion of consultative examiner Melissa Walls, N.P., AR at 379-92, was not supported by substantial evidence. ECF No. 15 at 11-13. The Court finds that remand is not warranted on either of these grounds.

Plaintiff is correct that for cases such as this one, filed on or after March 27, 2017, the amended regulations set forth in Sections 404.1520c and 416.920c apply to an ALJ's consideration of medical opinion evidence. Under the amended version of the regulations, the most important factor to be considered is no longer an opining source's treating relationship with the claimant, but rather, "the two most important factors for determining the persuasiveness of medical opinions are consistency and supportability," and the ALJ must articulate how these two factors were considered. 82 Fed. Reg. 5844-01, at 5853 (Jan. 18, 2017). See also 20 C.F.R. §§ 404.1520c(b), (c) and 416.920c(b), (c).

The ALJ was, therefore, required to articulate how he considered the supportability of the opinions of Drs. Pickard and Hutz. Supportability is defined as a measure of the relevancy of "objective medical evidence and supporting explanations presented by a medical source . . . to

support his or her medical opinion(s)." Id. §§ 404.1520c(c)(1), 416.920c(c)(1).  "Simply put, supportability is an inquiry geared toward assessing how well a medical source supported and explained their opinion(s)." Acosta Cuevas v. Comm'r of Soc. Sec., No. 20-CV-0502, 2021 WL 363682, at *10 (S.D.N.Y. Jan. 29, 2021), adopting report and recommendation, 2022 WL 717612, at *1 (S.D.N.Y. Mar. 10, 2022).  Arguably, Plaintiff is correct that the ALJ did not do so in regard to these opinions.  AR at 24.

Nonetheless, even if this omission constitutes error, any such error is harmless.  "An error is 'harmless' when, despite the technical correctness of an appellant's legal contention, there is also 'no set of facts' upon which the appellant could recover." Brown v. Astrue, 649 F.3d 193, 195 (3d Cir. 2011).  See also Rutherford v. Barnhart, 399 F.3d 546, 553 (3d Cir. 2005) (holding that remand is not necessary where the error would not affect the outcome of the case).  Here, the only way in which the opinions of Drs. Pickard and Hutz were inconsistent with the RFC ultimately determined by the ALJ was that they were, in fact, less restrictive.  In other words, the RFC incorporated all the limitations to which they opined and more.  The ALJ's arguable failure to further articulate the supportability of opinion evidence that would – if anything – support an even less restrictive RFC would not affect the outcome of this case.  See Gaydosh v. Comm'r of Soc. Sec., No. Civ. 19-220-E, 2020 WL 5084016, at *1 n.1 (W.D. Pa. Aug. 26, 2020) (finding any error in failing to discuss medical opinion evidence to be harmless where the opinion was not in conflict with the ALJ's RFC findings); Dries v. Berryhill, No. 4:16-CV-01014, 2017 WL 4922011, at *2 (M.D. Pa. Oct. 31, 2017) (holding that "an ALJ's failure to articulate what weight the ALJ accorded to a physician's report was harmless where the ALJ developed a residual functional capacity ("RFC") consistent with the physician's findings"); Mellor-Milam v. Comm'r of Soc. Sec., No. 13-CV-5732, 2014 WL 7405209, at *11 (D. N.J. Dec. 30, 2014) (finding

remand inappropriate where the ALJ had clearly incorporated the physician's opinion into the determination of the claimant's RFC despite not assigning it any particular weight).

In regard to the opinion of consultative examiner Walls, Plaintiff does not suggest that the ALJ failed to engage in a supportability analysis but argues that this analysis was unsupported by substantial evidence. While acknowledging that the ALJ cited to N.P. Walls's own consultative examination findings in determining that her opinion as to Plaintiff's standing/walking limitations was not persuasive, Plaintiff argues that the ALJ apparently misunderstood or misrepresented the basis for N.P. Walls's opinion. ECF No. 15 at 13.

However, nothing in the record suggests, as Plaintiff asserts, that the ALJ was unaware of the impact of Plaintiff's atrial fibrillation on N.P. Walls's opinion. The ALJ merely noted that the findings did not, in and of themselves, support the standing/walking limitations to which N.P. Walls opined. AR at 24. He also found such limitations to be inconsistent with other record evidence. Id. To the extent Plaintiff is asking the Court to re-weigh the evidence so as to come to its own conclusion as to the supportability of N.P. Walls's opinion, it declines to do so, because if supported by substantial evidence, the Commissioner's decision must be affirmed, as a federal court may neither reweigh the evidence, nor reverse, merely because it would have decided the claim differently. See Hartranft v. Apfel, 181 F.3d 358, 360 (3d Cir. 1999) (citing 42 U.S.C. § 405(g)); Monsour Med. Ctr. v. Heckler, 806 F.2d 1185, 1190-91 (3d Cir. 1986); Berry, 738 F. Supp. at 944 (citing Cotter, 642 F.2d at 705).

The Court therefore finds that the ALJ adequately accounted for the medical opinion evidence and, to the extent there was any error, such error was harmless.

## IV. CONCLUSION

Accordingly, for all of the foregoing reasons, the Court finds that the ALJ applied the correct legal standards and that substantial evidence supports his decision. It will therefore affirm.

AND NOW, this 23rd day of December 2025, IT IS HEREBY ORDERED that Plaintiff's Motion for Summary Judgment, ECF No. 14, is DENIED.

IT IS FURTHER ORDERED that, pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure, if any party wishes to appeal from this Order, he or she must do so within thirty (30) days by filing a notice of appeal as provided in Rule 3, Fed. R. App. P., with the Clerk of Court, United States District Court.

                                                       Respectfully submitted,

                                                       s/ Maureen P. Kelly
                                                       MAUREEN P. KELLY
                                                       UNITED STATES MAGISTRATE JUDGE

cc:     All counsel of record via CM/ECF